# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EMPLOYEES AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, et al.,,** | ) ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 06-CV-507-WDS |
| v. | ) ) ) | |
| **G. ALLEN CONSTRUCTION, INC., d/b/a WAYNE'S DISPOSAL,** | ) ) ) | |
| Defendant. | ) | |

## O R D E R

**STIEHL, District Judge:**

This matter is before the Court on plaintiffs' motion for summary judgment (Doc. 14) to which the defendant has not filed a response.  This case is an action to collect delinquent fringe benefits contributions owed to plaintiff, Employers and Operating Engineers Local 520 Pension Funds, pursuant to the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132.

In the motion for summary judgment, plaintiffs indicates that they filed a motion for default which was denied by the Clerk of the Court because defendant, through one Walter Allen, filed an answer to the complaint.   The Court, upon review of the record, **FINDS** that the defendant, G. Allen Construction, Inc, d/b/a Wayne's Disposal is a corporation, therefore, an individual cannot enter his or her appearance on behalf of the corporation, nor can an individual file an answer on behalf of a corporation.  That must be done by an attorney who has been duly designated by the corporation to enter his or her appearance on behalf of the corporation and to

file an answer.

Accordingly, the Court sua sponte **STRIKES** the answer filed in this matter (Doc. #8) and **VACATES AND SETS ASIDE** the Clerk's denial of entry of default (Doc. 13). The Court further **DIRECTS** the Clerk of the Court to enter default in favor of the plaintiffs and against the defendant. The Court **GRANTS** plaintiffs' motion for default judgment as follows:

Defendant submitted contribution reports without payment for the months of October 2005, November 2005, and March 2006. The Court **FINDS** that contributions of $13,731.47 are owed for that period. In addition, the Court **FURTHER FINDS** that defendant owes liquidated damages on these contributions in the total amount of $1,432.21, and Union dues in the amount of $590.61, for a total of $15,754.29.

In addition, the collective bargaining agreements provide for the payment of plaintiffs' attorneys' fees and court costs. The Court **FINDS** that plaintiffs incurred legal fees, and are entitled to payments in the amount of $702.50 for fees and $666.80 for costs. Accordingly, the total amount due to plaintiffs for past due contributions, liquidated damages, union dues, attorney's fees and costs is $17,123.59, and the Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   April 25, 2007.**

　　　　　　　　　　　　　　　　　　　　s/  WILLIAM D.  STIEHL
　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**